UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| GENE R. MONPER, BRETT A. LYNCH, and MARK C. VETURIS,<br><br>Plaintiffs,<br><br>v.<br><br>THE BOEING COMPANY *et al.*,<br><br>Defendants. | Case No. C13-1569 RSM<br><br>ORDER DENYING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT |

## I.     INTRODUCTION

This matter comes before the Court on Defendants The Boeing Company *et al.* ("Boeing")'s Motion for Summary Judgment, Dkt. #73.  Boeing moves to dismiss all of Plaintiffs' claims under the applicable statute of limitations, alleging that Plaintiffs had "actual knowledge" of the alleged breaches of fiduciary duty by 2009.  *Id.*  Plaintiffs oppose this Motion, arguing that Boeing is taking the exact opposite position as prior briefing, that Boeing relies on inadmissible evidence, that Boeing misstates the "actual knowledge" standard, that Plaintiffs did not acquire actual knowledge until November 2010, that Boeing's intentional concealment triggers a six-year discovery rule, and that equitable tolling should otherwise apply.  Dkt. #77.  The Court has determined that oral argument is unnecessary.  For the reasons set forth below, the Court DENIES Boeing's Motion.

ORDER DENYING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT - 1

## II. BACKGROUND

The facts as alleged in Plaintiffs' Amended Complaint have been previously stated by the Court, need not be recited at length, and are incorporated by reference herein. *See* Dkt. #53. The merits of Plaintiffs' claims are not before the Court. For purposes of Defendants' Motion, the Court will focus on facts relevant to the statute of limitations affirmative defense.

This case arises from misinformation about pension benefits communicated to Plaintiffs Gene Monper, Brett Lynch, and Mark Veturis, which allegedly induced them to transfer from the McDonnell Douglas Corporation in California to Boeing in Washington. Plaintiffs assert that in the autumn of 2007, they were collectively told seventeen times in six separate conversations by recruiters and human resources ("HR") personnel that their pension benefits would not change or be reduced upon transfer. When they did transfer, Plaintiffs discovered that their early retirement benefits would in fact be significantly reduced, contrary to their prior understandings but in accordance with the terms of written plan documents they received only after their move to Washington. Plaintiffs had now been enrolled in the Boeing Company Employee Retirement Plan ("BCERP").

Plaintiffs brought this action on August 30, 2013, for fiduciary breach and failure to monitor under ERISA § 502(a)(3), for co-fiduciary liability under ERISA § 405(a)(1)-(3), and for attorney's fees and costs under ERISA §502(g)(1). On March 28, 2014, the Court entered an Order granting Defendants' Motion to Dismiss the original complaint with leave to amend. Dkt. #24. The Court therein found unpersuasive Defendants' arguments that Plaintiffs' complaint should be dismissed because the claims were not ripe for resolution, because Plaintiff Lynch had failed to exhaust his administrative remedies, and because Plaintiffs improperly stated a claim for benefits disguised as one for breach of fiduciary duty. The Court

ORDER DENYING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT - 2

did, however, find that Plaintiffs failed to plead that the alleged injuries were attributable to a Plan fiduciary acting in its fiduciary capacity, as required to state a § 502(a)(3) claim. *Id.* The Court also dismissed with leave to amend Plaintiffs' three subsidiary ERISA claims for co-fiduciary liability, failure to monitor, and attorney's fees and costs, which it found to be dependent on an underlying ERISA violation. *Id.*

Following the Court's Order of dismissal, Plaintiffs filed a 111-page Amended Complaint. Dkt. #25. Defendants again moved to dismiss all claims. Dkt. #32. On May 13, 2015, The Court dismissed all claims pled against the "Direct Communication Defendants" as well as Does 4-10, but denied the second Motion to Dismiss in all other respects. Dkt. #53 at 24-25. Believing their case could now proceed, Plaintiffs served discovery requests on May 19, 2015. Dkt. #78 at 3. The parties stipulated to multiple extensions, resulting in a new trial date of December 12, 2016. Dkt. #72. Defendants filed the instant Motion for Summary Judgment on December 10, 2015. Dkt. #73. Discovery is ongoing in this matter, with a discovery cut-off of August 16, 2016. *Id.* Boeing has apparently not provided any document discovery in response to Plaintiffs' requests for production. Dkt. #78 at 4.

### III. DISCUSSION

**A. Legal Standard**

Summary judgment is appropriate where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986). Material facts are those which might affect the outcome of the suit under governing law. *Anderson*, 477 U.S. at 248. In ruling on summary judgment, a court does not weigh evidence to determine the truth of the matter, but "only determine[s] whether there is a genuine issue for trial." *Crane v. Conoco,*

*Inc.*, 41 F.3d 547, 549 (9th Cir. 1994) (citing *Federal Deposit Ins. Corp. v. O'Melveny & Meyers*, 969 F.2d 744, 747 (9th Cir. 1992)).

On a motion for summary judgment, the court views the evidence and draws inferences in the light most favorable to the non-moving party. *Anderson*, 477 U.S. at 255; *Sullivan v. U.S. Dep't of the Navy*, 365 F.3d 827, 832 (9th Cir. 2004). The Court must draw all reasonable inferences in favor of the non-moving party. *See O'Melveny & Meyers*, 969 F.2d at 747, *rev'd on other grounds*, 512 U.S. 79 (1994). However, the nonmoving party must make a "sufficient showing on an essential element of her case with respect to which she has the burden of proof" to survive summary judgment. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Further, "[t]he mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." *Anderson*, 477 U.S. at 251.

**B.  ERISA Statute of Limitations and "Actual Knowledge" Standard**

Defendants' Motion relies solely on their statute of limitations affirmative defense. Under ERISA, "[n]o action may be commenced ... with respect to a fiduciary's breach of any responsibility, duty, or obligation, … after the earlier of" either (i) six years after the act or omission constituting the breach, or (ii) three years "after the earliest date on which the plaintiff had actual knowledge of the breach." 29 U.S.C. § 1113; *see also Meagher v. Int'l Ass'n of Machinists & Aerospace Workers Pension Plan*, 856 F.2d 1418, 1423 (9th Cir. 1988).[1] What it means to have "actual knowledge" of a breach depends on the particular type of breach alleged. *Meagher*, 856 F.2d at 1422. The inquiry is ultimately "factual, requiring examination of the record." *Ziegler v. Conn. Gen. Life Ins. Co.*, 916 F.2d 548, 552 (9th Cir. 1990).

---

[1] However, in situations involving "fraud or concealment," the action is exempt from the foregoing provisions and may be commenced "up to six years after the date the breach or violation was discovered." *Waller v. Blue Cross of California*, 32 F.3d 1337, 1341 (9th Cir. 1994) (citing 29 U.S.C. § 1113).

ORDER DENYING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT - 4

Both parties cite to out-of-circuit cases for further guidance. Defendants argue that in misrepresentation cases a participant may obtain "actual knowledge" upon learning "the true facts," Dkt. #73 at 11 (citing *Kurz v. Phila. Elec. Co.*, 96 F.3d 1544, 1551 (3d Cir. 1996), and that "a person … who receives a document is presumed to have knowledge of its contents," *id.* (citing *Dublin Eye Assocs., P.C. v. Mass. Mut. Life Ins. Co.*, 590 F. App'x 463, 466 (6th Cir. 2014)). Plaintiffs cite a series of cases to support their argument that actual knowledge requires more than "snippets of facts that relate in some way to the breach." Dkt. #77 at 19-20 (citing *Caputo v. Pfizer, Inc.*, 267 F.3d 181, 193 (2d Cir. 2001) (requiring "knowledge of all material facts necessary to understand that an ERISA fiduciary has breached" a duty); *Brock v. Nellis*, 809 F.2d 753, 755 (11th Cir. 1987) (it is "not enough that he had notice that something was awry; he must have had specific knowledge of the actual breach of duty upon which he sues"); *Fish v. GreatBanc Trust Co.*, 749 F.3d 671, 679 (7th Cir. 2014) (courts must "resist the temptation to slide toward reliance upon constructive knowledge or imputed knowledge, neither of which is actual knowledge").

### C. Boeing's Submitted Evidence

Boeing submits limited evidence at this time for the purposes of showing Plaintiffs had actual knowledge of their claims more than three years before filing this action. According to Boeing, Plaintiff Monper requested and received an estimate of his pension benefits on or about January 7, 2009. Declaration of Thomas Kruesi ("Kruesi Declaration"), Dkt. #76, ¶ 18. This estimate stated that Mr. Monper was a participant in BCERP and had accrued 22.5034 years of Aggregate Benefit Service under the Hourly West Plan. *Id*. According to the same declaration, Plaintiff Lynch requested and received estimates of his pension benefits on or about May 1, 2009, October 9, 2009, and January 17, 2010. *Id*. at ¶¶ 13-15. These estimates

ORDER DENYING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT - 5

stated that Mr. Lynch was a participant in BCERP and had accrued 21.6801 years of Aggregate Benefit Service under the Hourly West Plan. *Id*. The same declaration states that Plaintiff Veturis requested and received estimates of his pension benefits on or about December 10, 2008, and May 13, 2009. *Id*. at ¶¶ 9-10. These estimates stated that Mr. Veturis was a participant in BCERP and had accrued 27.8400 years of Aggregate Benefit Service under the Hourly West Plan. *Id*.

According to Boeing, as of May 2008 and again as of June 2009, Plaintiffs Monper, Veturis, and Lynch had access online to "Pay & Benefits profiles" that projected future pension benefits under the Hourly West Plan assuming retirement ages of 55, 60, 62, and 65, reflecting substantial reductions to those benefits if they retired before the normal retirement age of 65. Declaration of Laurie Youngblood ("Youngblood Declaration"), Dkt. #75, ¶¶ 12-13.

### a. Admissibility

A motion for summary judgment must be based on admissible evidence. *See* Fed. R. Civ. P. 56(c)(2) (providing for objections to material that "cannot be presented in a form that would be admissible in evidence"); Fed. R. Civ. P. 56(c)(4) (requiring "personal knowledge," "facts that would be admissible in evidence," and a showing "that the affiant or declarant is competent to testify on the matters stated"); *United States v. Dibble*, 429 F.2d 598, 602 (9th Cir. 1970); *Rosa v. Taser Int'l, Inc.*, 684 F.3d 941, 948 (9th Cir. 2012) ("In examining whether summary judgment is appropriate, we consider only alleged facts that would be admissible in evidence") (internal citation omitted); *Orr v. Bank of Am., NT & SA*, 285 F.3d 764 (9th Cir. 2002). As the Ninth Circuit has held, "unauthenticated documents cannot be considered in a motion for summary judgment." *Orr* at 773-74.

ORDER DENYING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT - 6

Plaintiffs argue that the above evidence in inadmissible and "fabricated for the purpose of litigation." Dkt. #77 at 21. With regard to the Kruesi Declaration, Plaintiffs argue that Mr. Kruesi fails to claim that he has any personal knowledge of the facts he declares or the attached documents. *Id.* at 22. Plaintiffs highlight that Kruesi refers to the exhibits as "recreations," but fails to explain who recreated these exhibits or why they are truthful recreations. *Id.* Plaintiffs argue that the attached exhibits are hearsay. *Id.* at 23. With regard to the Youngblood Declaration, Plaintiffs argue that the attached exhibits showing website information were recreated for purposes of this litigation and that Ms. Youngblood fails to adequately authenticate or explain how and why these are truthful recreations. *Id.* at 24. Plaintiffs allege that Defendants "may have destroyed" the web system that Defendants allege provided actual knowledge of their ERISA claims. *Id.*

On Reply, Boeing argues that the business-record exception to hearsay applies, citing the fact that Kruesi and Youngblood declared that the data in the recreations was retained in the ordinary course of business by Boeing and Xerox. Dkt. #82 at 12 (citing Dkt. #75, ¶14; Dkt. #76, ¶5). Boeing admits that they had to recreate "the particular estimates and profiles as they were provided or made available to Plaintiffs, since those documents are never retained by Boeing or Xerox after transmission; only the underlying data is kept." *Id.* (citing Dkt. #76, ¶ 5, 9, 13-15, 18; Dkt. #75, ¶ 14). Boeing argues that these documents are relevant because they were provided or made available to Plaintiffs, and are not being submitted for the truth of their content. *Id.* Boeing labels Plaintiffs' challenges to authenticity "mystifying." *Id.* at 13. Boeing argues that, in the context of business records, "the declarant need only be generally familiar with the record system to lay a foundation." *Id.* (citing United States v. Miller, 771 F.2d 1219, 1237 (9th Cir. 1985)). Boeing argues that Kruesi and Youngblood's declarations

ORDER DENYING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT - 7

establish that they work with pension benefits and that "[b]oth therefore obviously have 'personal knowledge' of the matters in their declarations… even if the declarations did not use those magic words." *Id.* Boeing submits supplemental reply declarations to attempt to cure any defects. *Id.*; Dkt. ##83; 84.

The key factual questions in this case concern communication, not data. The Court must determine what was communicated to Plaintiffs, when it was communicated, how was it communicated, and possibly why it was communicated. Boeing glosses over the fact that, although its evidence may contain accurate data kept in the ordinary course of business, it does not necessarily constitute an authentic representation of the *communication* of that data. Furthermore, Boeing has not convinced the Court that this evidence was regularly generated in the course of business and not solely for this litigation. Boeing's supplemental declarations do not cure these defects.[2] Accordingly, the Court finds that Boeing's submitted evidence is not authenticated, inadmissible, and cannot support its Motion for Summary Judgment.

### b. Whether it Creates a Question of Fact

Plaintiffs also argue that Boeing's evidence contradicts Plaintiffs' sworn declarations regarding when they actually learned all the facts relevant to their claims, creating a genuine issue of material fact. Dkt. #77 at 21. With regard to the Kuresi Declaration, Plaintiffs argue:

> Even if the Kruesi declaration and exhibits could be considered on summary judgment, they contain only contested facts. None of this material can establish that any Plaintiff had "actual knowledge" of his claim before August of 2010 (three years before this case was filed). Plaintiffs' sworn declarations based on their personal knowledge describe in detail why Kruesi's assertions are wrong and his exhibits are unreliable and, at the very least, disputed. Most importantly here, none of these documents project an age-55

---

[2] Furthermore, Plaintiffs are correct that their Kruesi and Youngblood's initial declarations did not state that they had personal knowledge concerning the attached exhibits, how they were created, or the system that generated them. Their supplemental declarations go a long way to cure these authentication issues, but their submittal on Reply improperly denies Plaintiffs their opportunity to respond and will not weigh in favor of Defendants' Motion.

ORDER DENYING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT - 8

reduction in benefits—the core fact relevant to Plaintiffs' actual knowledge.

*Id.* at 23.  An examination of Plaintiffs' declarations demonstrates that they were provided information from Boeing orally and in writing that contradicts the Kruesi Declaration, or that they declare that they did not receive the information that Boeing says they received.  *See* Dkt. #79 at 5, 13-14, Dkt. #80 at 11, Dkt. #81 at 5.  Plaintiffs make similar arguments regarding the Youngblood Declaration.  *Id.* at 25.

On Reply, Boeing argues that "Plaintiffs' misguided speculation and lack of recollection is not the stuff that defeats summary judgment, particularly in the face of precise records kept in the ordinary course of business and testimony by the individuals personally responsible for those records."  Dkt. #82 at 13.  Boeing argues that, to the extent Plaintiffs argue that they do not remember accessing their retirement plan estimates online, "failure to remember and lack of knowledge are not sufficient to create a genuine dispute."  *Id.* at 14 (citing *FEC v. Toledano*, 317 F.3d 939, 950 (9th Cir. 2000)).  Boeing argues that, even if Plaintiffs failed to access their pension information, it is undeniable that such information was available to them online.  *Id.*  Boeing argues that Plaintiffs' pay and benefits profiles were also available, and "there is no doubt that those projections would have alerted Plaintiffs to their claims."  *Id.* at 15.

Boeing has the burden of proof at this stage and needs to convince the Court that there is no issue of material fact concerning whether or not Plaintiffs received actual knowledge of the ERISA Breach.  29 U.S.C. § 1113; *Meagher, supra*.  The inquiry is ultimately "factual, requiring examination of the record." *Ziegler, supra.*  As stated above, the Court finds that the Kruesi and Youngblood declarations fail to meet the standard for admissible evidence.  However, even if the Court had not so found, Plaintiffs are correct that Boeing's evidence is contradicted by Plaintiffs' sworn declarations, creating genuine issues of material fact.

ORDER DENYING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT - 9

Plaintiffs' declarations do not merely assert that they do not remember receiving the information that would have provided actual knowledge, but that they did not receive such information.  Further, Plaintiffs' declarations assert that Boeing was providing contradictory information, making actual knowledge of a breach a question of fact.  Based on the limited evidence submitted by Boeing, the Court is not convinced Plaintiffs were provided the necessary information to alert them to their claims.  On these grounds, the Court will deny Defendants' Motion for Summary Judgment.  Even if Plaintiffs' declarations failed to create genuine issues of material fact, the Court would find that Plaintiffs are entitled to further discovery under Rule 56(d) for the reasons stated by Plaintiffs.  *See, e.g.,* Dkt. #77 at 26.

Having found that Boeing's Motion must be denied for the reasons above, the Court need not address Plaintiffs' additional arguments opposing summary judgment.

## IV.    CONCLUSION

Having reviewed the relevant pleadings, the declarations and exhibits attached thereto, and the remainder of the record, the Court hereby finds and ORDERS that Defendants' Motion for Summary Judgment (Dkt. #73) is DENIED.

DATED this 28th day of April 2016.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE